IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SARAH RENEE VANSEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-00777-DGK |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Sarah Renee Vansel's application for supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401–434; 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including generalized anxiety disorder, bipolar disorder, and morbid obesity. He also found she did not retain the residual functional capacity ("RFC") to perform past work but could perform other work as a table worker, document preparer, and touch-up inspector.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application for benefits on September 23, 2016, alleging a disability-onset date of September 24, 2015. The Commissioner denied the application at the initial claim

level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on January 16, 2019, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on July 26, 2019, leaving the ALJ's decision as the Commissioner's final decision. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or

determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at step four by crafting an RFC unsupported by substantial evidence, and at step five in leaving a conflict between the testifying vocational expert and the Dictionary of Occupational Titles ("DOT") unresolved. These arguments are unavailing.

**I.     The ALJ's RFC determination related to Plaintiff's mental health is supported by substantial evidence.**

Plaintiff first complains that the RFC failed to account for Plaintiff's limitations in concentration, persistence, or pace, and for Plaintiff's inability to complete tasks in a timely manner (Doc. 12 at 17). In response, the Commissioner contends Plaintiff did not prove she was unable to complete tasks in a timely manner, and thus the ALJ was not required to include any such limitations in the RFC. (Doc. 13 at 10).

Here, the RFC limits Plaintiff to "simple and routine instructions and tasks," which the Court finds adequately recognizes any limitations in Plaintiff's concentration, pace, and persistence. The ALJ concluded Plaintiff had "normal memory, good concentration, adequate or grossly intact attention, [and] intact memory . . . ." R. at 21 (*see also* R. at 359, 367, 382–83, 494). At this stage, it is Plaintiff's burden to prove she is disabled. She failed to sustain that burden, and so the ALJ did not err in failing to include more limitations in the RFC.

---

medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 416.920(a)–(g). Through step four of the analysis the claimant bears the burden of showing she is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Plaintiff also complains that because the ALJ only afforded partial weight[2] to the opinion of consultative examiner Bryce Gray, Ph.D. (Doc. 12 at 18) and limited weight to the state agency psychological consultant, the RFC is not based on any medical opinion.

Plaintiff's argument is based on an erroneous reading of the law. As the Eighth Circuit has repeatedly held in recent years, as long as the RFC is supported by relevant evidence in the record as a whole, there is no requirement that it be "supported by a specific medical opinion." *See*, *e.g.*, *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citations omitted); *see also* 20 C.F.R § 416.945(a).

Here the RFC is supported by relevant evidence in the record as a whole. Granted, in formulating the RFC, the ALJ did not credit Dr. Gray's conclusions that were based on Plaintiff's subjective complaints only. R. at 22. He did, however, consider multiple sources of information in the record, including not only Dr. Gray's opinion, but also the opinions of Plaintiff's spouse, the Medicaid evaluator, and the State agency psychological consultant. R. at 22–23. Little weight was given to the opinions of Plaintiff's spouse because his statements were based on Plaintiff's subjective complaints and out of alignment with Plaintiff's ability to cook meals, spend time with small groups of people, crochet, play games, and read. R. at 22. Likewise, he gave little weight to the Medicaid evaluator because the criteria for Medicaid differs from the criteria under the Social Security Act to find a claimant is disabled. *Id.* The Medicaid evaluator's report, moreover, was largely normal, showing, *inter alia*, appropriate dress, good hygiene, and intact insight and judgment. R. at 473–77. Limited weight was given to the state agency psychologist because the

---

[2] So the record is clear, the Court notes that in giving only partial weight to Dr. Gray's opinion, the ALJ rejected his conclusions regarding Plaintiff's inability to adapt to changes, finding Plaintiff's ability to adapt to changes was actually *more* limited than Dr. Gray opined. R. at 22 (finding "[Dr. Gray] did not consider the effects of her learning disorder and PTSD" and giving his opinion only partial weight).

4
Case 4:19-cv-00777-DGK   Document 17   Filed 11/24/20   Page 4 of 8

criteria under paragraph B were amended between the assessment and opinion, which the ALJ determined undermined the relevancy of the report. However, the report found that Plaintiff's learning disorder and PTSD did suggest difficulties in interacting with others. R. at 88 (finding adequate ability to sustain attention and appropriate logical reasoning, but good ability to complete only simple instruction); R. at 90 (finding no problems understanding and remembering complex instructions and only minimal problems sustaining attention and remaining on task). Although Plaintiff may not agree with how the ALJ weighed the different opinions in the record, he considered them, and the record as a whole supports the RFC.

Finally, Plaintiff asserts the ALJ improperly relied on his own medical expertise to establish her RFC, rather than relying on medical evidence in the record. Thus, Plaintiff believes, the ALJ had a duty to obtain a consultative examination in order to fully and fairly develop the record. However, the ALJ's duty to develop the record is not infinite. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) (finding an ALJ must order examination and tests only if the evidence presented does not "give sufficient medical evidence to determine whether the claimant is disabled"). In this case, the record contains opinions from multiple consultative examinations, and this evidence is sufficient to determine that claimant was not disabled. Thus, the ALJ had no duty to obtain another such examination.

Ultimately, then, the ALJ's RFC formulation with regards to Plaintiff's mental impairments is supported by substantial evidence.

## II. The ALJ's evaluation of Plaintiff's physical health is supported by substantial evidence.

Plaintiff argues that because the ALJ failed to fully develop the record, he crafted an RFC that is unsupported by substantial evidence. However, this allegation is contrary to the ALJ's opinion. The ALJ relied on numerous medical findings to determine that while Plaintiff does have

some limitations regarding her physical health, she is not disabled. R. at 20 (including citations to six different medical records, showing, *inter alia*, normal range of motion, ability to rise and walk normally, and improvement with medical treatment and medication). This constitutes substantial evidence supporting the RFC.

Plaintiff also argues that the ALJ's failure to assess the RFC on a function-by-function basis was a legal error that requires reversal. But the ALJ is not required to "mechanically list and reject every possible limitation." *Nash v. Comm'r of Soc. Sec.*, 907 F.3d 1086, 1090 (8th Cir. 2018) (quoting *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011)). Moreover, the ALJ did not merely limit Plaintiff to "light work" with no other considerations for her physical limitation. He further found she could, among other restrictions, "never climb ladders, ropes, or scaffolds, kneel, or crawl, . . . no use of hazardous machinery, . . . ." R. at 19.

Therefore, the Court holds the ALJ appropriately formulated Plaintiff's RFC with respect to her physical symptoms based on substantial evidence.

### III. The ALJ met his burden at step five.

Plaintiff's RFC limits her to "only occasional interaction with coworkers and supervisors after the first thirty days of employment." R. at 19. The ALJ found, based in part on the testimony of a vocational expert ("VE"), that Plaintiff could perform the jobs of table worker, document preparer, and touch-up inspector, each of which exist in significant numbers in the national economy. R. at 24–25.

First, the Court notes that Plaintiff has not raised any issues with the identified job of table worker. The VE testified that there are about 50,000 table worker jobs available in the national economy. The Commissioner therefore contends that any errors here are harmless. The VE testified that these were merely "examples" of the work Plaintiff could perform and not an

6

Case 4:19-cv-00777-DGK    Document 17    Filed 11/24/20    Page 6 of 8

exhaustive list. R. at 81–82. Even assuming the VE did recommend jobs Plaintiff could not perform given her RFC, "one mistaken recommendation does not devalue the rest of her opinion." *Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014) (citation omitted). Because Plaintiff is still able to perform other work existing in significant numbers in the national economy, any error is harmless. *Id.*

However, the Court finds that the ALJ did not fail to meet his burden at step five. Plaintiff claims that the job of touch-up inspector requires work under specific instructions, which is incompatible with the RFC's limitations to only occasional contact with supervisors and coworkers after thirty days. But a closer look at the Dictionary of Occupational Titles ("DOT") reveals that the instructions with which Plaintiff takes issue may be "written or oral." DOT 726.684-050. Thus, Plaintiff has not identified a valid conflict with respect to the position of touch-up inspector.

Plaintiff also claims the work of a document preparer is incompatible with her RFC because it requires her to perform a variety of duties and has a reasoning level of three. The ALJ limited Plaintiff to jobs with a Specific Vocational Preparation level of one or two, and a document preparer is at level two. DOT 249.587-018. Setting aside whether the job is limited to routine, simple tasks, the Court finds that a job with a reasoning level three is beyond what is contemplated in Plaintiff's RFC. Level three reasoning requires "apply[ing] commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "deal[ing] with problems involving several concrete variables in or from standardized situations." *Id.* Plaintiff's RFC limits her to "only simple and routine instructions and tasks." R. at 23. Thus, Plaintiff rightly identifies an incompatibility.

Nevertheless, as the Court found above, a single error does not require remand when the ALJ found a significant number of jobs were available in the national economy. *Grable,* 770 F.3d

7
Case 4:19-cv-00777-DGK   Document 17   Filed 11/24/20   Page 7 of 8

at 1202. Here, there are a combined 95,000 table worker and touch-up inspector jobs in the national economy. This is sufficient for the ALJ to have met his burden at step five.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  November 24, 2020             /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT